Ludeling, C. J.
This is a petitory action for three lots of ground and the improvements thereon and rents or damages, against the defendant, who is alleged to be a possessor in bad faith.
The defendant filed a general denial, and further alleged that he purchased the property from Henry Zander, by act passed before A. Dreyfous, notary of this city, in 1867; that Zander had bought from F. Lacroix in 1866, by act passed before A. E. Bienvenu; that Zander and Lacroix were in full possession of the property from the date of their respective purchases. That he has improved the buildings on said lots and made other repairs, and made a fence and other improvements, worth five hundred and ninety-eight dollars. He alleges that Zander is bound in warranty to him, and Lacroix to Zander; and that he is specially subrogated to the rights of Zander against Lacroix, and prays for judgment accordingly, in the event judgment should be rendered against him for the property. He further prayed that the plaintiff’s demands be rejected with costs.
There was judgment in favor of the plaintiff for the lots, and for $150 general damages, up to September, 1867, and ten dollars per month thereafter, until plaintiff be put in possession; and allowing Mayer three hundred dollars for the improvements.
Mayer has appealed.
It appears that in 1866 Lacroix sold the lots to Zander, who sold them to Mayer in 1867, by notarial acts in due form, and that both *399 Zander and Mayer took actual possession of the property and exercised acts of ownership over the same.
It appears further that after the sale to Zander, and before his sale to Mayer, Lacroix told Zander he had sold the property to him in error, having previously sold the same property to another, and offered to return to him the money and notes executed, given for the property, but Zander refused to take it, and sometime after this Zander sold to Mayer. There is no evidence to show that Mayer knew of this. After Mayer bought he made useful improvements and necessary repairs on the property, which are proved to be worth three hundred dollars. It is also proved that after Mayer had bought he received a letter from the attorney of plaintiff stating that the property belonged to plaintiff, and that damages and rents would be claimed of him for the property. The plaintiff has proved his title to the property.
Both Zander and Mayer held under titles perfect in form, and there is nothing in the record to show that they did not believe they were the owners.
“ The possessor in good faith is he who has just reason to believe himself the master of the thing which he possesses, although he may not be in fact, as happens to him who buys a thing which he supposes to belong to the person selling it to him, but which in fact belongs to another.” C. C. 3451.
We think, therefore, that Mayer was a possessor in good faith, and owes rents only from the institution of the suit. C. C. article 503. And we think the evidence will not authorize more than eight dollars per month as rents. The defendant is clearly ehtitled to a judgment against his vendor in warranty for the price paid, and Zander is entitled to a judgment against Lacroix for the price he paid, with legal interest; and under the act specially subrogating Mayer to Zander’s rights against Lacroix there should be judgment in favor of Mayer against Lacroix for the price paid by Zander. And he is entitled to his claim for the value of the improvements against the owner of the property with legal interest from the time he made them.
It is therefore ordered that the plaintiff be declared the owner of the lots described in the petition with the improvements thereon, and that he have judgment against the defendant Mayer for rents at the rate of eight dollars per month from judicial demand and costs of the lower court. It is further ordered that the defendant Mayer have judgment against his vendor, Henry Zander, for six hundred and eight dollars, with five per cent, per annum interest from the twenty-eighth of February, 1867; and in default of said Zander returning to said Mayer his notes given for the credit portion of the price, within thirty days after this date, that he have judgment for the further sum of two *400 hundred and two dollars, with six per cent, per annum till paid, and costs of suit.
It is further ordered that Henry Mayer, subrogated to the rights of Henry Zander, recover judgment against Francois Lacroix for forty-eight dollars, cash portion of the price, with five per cent, per annum interest till paid; and in the event the said Lacroix should fail to return the notes given Zander for the credit portions of the price, within thirty days after this judgment, that he recover judgment against Lacroix for two hundred and eight dollars, the amount of said notes, with six per cent, per annum interest from the date of the sale to Zander, and costs of suit. It is further ordered that appellees pay costs of appeal.